**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

WILSON C. ORTEGA,

              Petitioner-Appellant,

v.

SCOTT KERNAN, Director of
Corrections,

              Respondent-Appellee.

No.   16-55927

D.C. No.
2:12-cv-09562-PSG-RAO

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted July 10, 2018
Pasadena, California

Before: BERZON and N.R. SMITH, Circuit Judges, and CASTEL,** District
Judge.

    Petitioner Wilson Ortega appeals the district court's denial of his habeas

petition challenging his California state court convictions for committing assault

---

    *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **    The Honorable P. Kevin Castel, United States District Judge for the
Southern District of New York, sitting by designation.

with a firearm, Cal. Penal Code § 245(a)(2); making criminal threats, *id.* § 422; threatening a witness, *id.* § 140(a); and committing false imprisonment, *id.* § 236. We affirm.

We need not, and so do not, decide whether the California Supreme Court addressed the merits of Ortega's ineffective assistance of counsel claim. Instead, we conclude that the California Supreme Court's rejection of Ortega's ineffective assistance of counsel claim was "correct under *de novo* review and therefore necessarily reasonable under the more deferential AEDPA standard of review." *Berghuis v. Thompkins*, 560 U.S. 370, 389 (2010). Ortega's counsel's allegedly deficient failure to object to the government's gang expert's description of other homicide crimes committed by two North Hollywood Boyz members, Luis Vega and Jose Orozco, could not have prejudiced Ortega under any standard of review. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

First, a great deal of inflammatory gang evidence was admitted against Ortega and not challenged before us. The government's gang expert testified that the North Hollywood Boyz was "a pretty hardcore gang," and explained, "The primary activity for Boyz that I've been involved with is the murder, extortion, robberies, [and] . . . assault[s] with deadly weapons. They fly the gamut of . . . the violent crime area." The jury heard that Ortega himself was involved in a "gang

2

related" manslaughter case in 2004, and that a victim in this case had testified in that case. The jury heard testimony that "[g]angs rely on fear and intimidation in the community to survive. . . . [I]f you have people report crimes against the gang, it weakens the gang because they go to jail . . . ." They saw pictures of Ortega's gang tattoos. They heard that Ortega's gang moniker was "Trigger." Any additional impact of the details of particular crimes committed by other gang members added little to the effect of the gang evidence as a whole on the jury.

Second, Orozco's and Vega's convictions were not presented to the jury as substantively attributable to Ortega, either in the gang expert's testimony or during closing arguments. Instead, their convictions were properly admitted to show that members of the gang engaged in certain types of crime, a necessary predicate to the charged gang enhancement. *See* Cal. Penal Code § 186.22(e), (f). The addition of some details as to the crimes underlying those convictions, even if inflammatory and improper, could not have reasonably affected the outcome, in light of the other gang evidence introduced and the peripheral import of the evidence challenged.

In sum, Ortega cannot show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

**AFFIRMED.**

3